UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON W. SHAW, | No. C-07-3379 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION** |
| THE COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | **(Docket No. 28)** |
| _____/ | |

Previously, the Court issued an order denying Plaintiff Gordon W. Shaw's motion for summary judgment and granting Defendant the Commissioner's cross-motion for summary judgment. Mr. Shaw now moves for leave to file a motion for reconsideration of that order pursuant to Civil Local Rule 7-9(b)(3). Having considered Mr. Shaw's brief, and all other evidence of record, the Court hereby **DENIES** the motion.

Under Civil Local Rule 7-9(b)(3), a party seeking leave to file a motion for reconsideration "must specifically show . . . [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the] interlocutory order." Civ. L.R. 7-9(b)(3). Mr. Shaw has not met this standard.

With respect to the first issue, *i.e.*, the weight given to the nurse practitioner's opinion as an other medical source, Mr. Shaw argues that the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). But the Court did not violate this well-established principle. It simply concluded that, although the ALJ did not specifically explain why he discounted the nurse

practitioner's opinion, the basis of his decision was evident.  The ALJ discussed the extensive medical evidence indicating that, in spite of his arthritis, Mr. Shaw did not have the functional limitations found by the nurse practitioner.  *Cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").  Notably -- as the Court pointed out in its order -- Social Security Ruling 06-03p provides that, while an adjudicator of a disability claim "generally should explain the weight given to [other medical source] opinions," he or she is only required to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  SSR 06-03p.  The ALJ cited the medical evidence as well as Mr. Shaw's testimony about his daily activities which indicated his functional limitations were not as severe as the nurse practitioner opined.

As for the second issue, *i.e.*, whether the ALJ should have considered the nurse practitioner's opinion to be an opinion of a lay witness, Mr. Shaw fails to cite any authority supporting his proposition that the opinion of an other medical source should be treated the same as an opinion by a lay witness.  The standard is set forth in SSR 06-03p which this Court applied.

This order disposes of Docket No. 28.

IT IS SO ORDERED.

Dated:  May 12, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2